KENNETH H. BATMAN, appellee, v. OVERLAND BUILDERS,
a copartnership, and ORMAN OVERLAND,
appellants.

No. 50389.

NOVEMBER 14, 1961.

Joseph H. Buchanan, of Ames, for appellants.

Pasley, Singer & Seiser, of Ames, for appellee.

SNELL, J.—This is an action at law to recover commissions claimed due for services as a salesman. The case was tried to the court without a jury. From a judgment for plaintiff, defendants appeal, challenging the sufficiency of the evidence to support the findings of the court. The problem is factual. Appellants concede that there is no serious issue as to applicable law.

The controversy arose in 1958. At that time defendant Overland Builders was a partnership in the building and construction business. On March 25, 1958, Overland Builders signed two dealer franchise agreements for the sale of archtype and straight sidewall steel buildings manufactured by Inland Steel Company. The franchise agreements covered five counties in central Iowa. Under the contracts the dealer agreed to maintain an adequate sales and service organization but the manufacturer might assist and cooperate with the dealer in developing new business. The agreements varied slightly as to commissions. One provided that the dealer would receive commissions on direct sales by the manufacturer inside the dealer's territory.

In April 1958 the defendants, complying with the manufacturer's insistence, advertised for a salesman. Plaintiff responded. After some negotiations, plaintiff was employed as a salesman of both types of buildings. His compensation was to be six per cent of the selling price of buildings sold, less freight, sales tax and finance charges.

During the period of plaintiff's employment, Overland Builders entered into six written sale contracts for eight buildings and two oral contracts for two buildings. There is no issue here as to plaintiff's right to a commission under five of the written contracts and one of the oral contracts. Defendants deny plaintiff's right to a commission on three buildings covered by the first written contract and on one oral contract. Defendants claim these sales were not the result of plaintiff's efforts. Plaintiff claims he helped make these sales and is entitled to a commission on all sales in his territory during his employment. In district court plaintiff also claimed compensation for administrative services and defendants counterclaimed alleging overpayment. These issues were disposed of below and are not involved in this appeal. The trial court found for plaintiff on his claim for commissions.

For some time after plaintiff's employment began, he, together with one of defendant partners and a representative of Inland Steel Company, traveled together calling on prospective customers and developing the territory. This was consistent with Inland Steel policy of assistance and cooperation expressed

in the franchise agreement with defendants. As a result of the sales work during this time the two sales now in controversy were made. One sale was by written contract, dated June 3, 1958, and the other by oral contract with the order for materials, dated in August 1958. After June 3, 1958, plaintiff worked alone and sales so made by him are not involved.

The witnesses could not with any exactness evaluate plaintiff's services leading to the sales in controversy. The trial court commented that the opinions as to who was ultimately responsible were conclusions of the witnesses. The trial court was right. It follows that the conclusion to which we must look is the conclusion of the trial court.

Plaintiff contended that the five counties covered by defendants' franchise were his territory until another salesman should be employed.

A number of witnesses testified and the evidence affords support for the proposition that there is in the steel building industry a "business custom" that commission salesmen with an "exclusive territory" are entitled to commission on sales made within that territory, regardless of whether such salesman, himself, makes the sale. This custom was apparently recognized by Inland Steel Company. One of the franchise agreements with defendant partnership provides that the dealer will receive commissions on direct sales made by the company inside dealer's territory.

On June 10, 1958, which was seven days after the signing of one of the contracts in controversy and fifteen days prior to the signing of any other sale contract, defendants gave plaintiff a check for $1000 and one of defendant partners signed a note with plaintiff for $1200. Plaintiff claims this was "a draw against commissions" earned. Defendants claim it was a loan but have some difficulty explaining the circumstances and why defendants would loan that much money to a salesman who had earned nothing.

If plaintiff was entitled to commissions on all sales within his territory, the amount was within what he had earned. The trier of the facts could well have found that this was a recognition of plaintiff's construction of the employment agreement.

172

The trial court found that the preponderance of the evidence sustained plaintiff in his claim. It is not for us to pass upon the factual dispute. The case was tried to the court. Its findings are the same as the decision of a jury. Rule 334, Rules of Civil Procedure. "If there is substantial evidence to sustain the findings of fact by the court such findings are binding on this court." Erickson v. Erickson, 250 Iowa 491, 501, 94 N.W.2d 728, 733, and citations.

There was evidence sufficient to support the trial court's findings.

The case is—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.